**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**


**BRENDA GLOVER, on behalf**
**of herself and all others similarly**
**situated,**                                                                          **PLAINTIFF**


**v.**                                    **CASE NO. 4:14-cv-644-JLH**


**HOUSING AUTHORITY OF THE**
**CITY OF LITTLE ROCK, d/b/a**
**METROPOLITAN HOUSING**
**ALLIANCE, and RODNEY FORTE,**
**Executive Director of Metropolitan**
**Housing Alliance, in his Official Capacity,**                                  **DEFENDANTS**


**PLAINTIFF'S REPLY IN SUPPORT OF**
**MOTION FOR CLASS CERTIFICATION**

The Court should grant Plaintiff's Motion for Class Certification.  In opposition, Defendants Metropolitan Housing Alliance and Rodney Forte ("Defendants") submit a Joint Response to Plaintiff's Motion for Class Certification ("Response" or "Resp.") that consists almost entirely of legal and factual challenges to the underlying merits of Plaintiff's claims.  Indeed, Defendants' only contentions relating to the relevant considerations under Fed. R. Civ. P. 23(a) and (b)(2) are made in passing, in the Response's introduction and conclusion.  Specifically, Defendants assert—with no accompanying argument or analysis—that *even if* Plaintiff's claims entitled her to relief, her claims are not typical of the proposed Class.  Resp. at 2, 13.  The rest of the Response is devoted to rebutting the causes of action in Plaintiff's Complaint.

This improperly confuses the analysis required for class certification with that required at the summary judgment stage of litigation.  "While disputes about Rule 23 criteria may overlap

with questions going to the merits of the case, the district court should not resolve the merits of the case at class certification." *Cox v. Zurn Pex, Inc. (In re Zurn Pex Plumbing Prods. Liab. Litig.)*, 644 F.3d 604, 617 (8th Cir. 2011); *Karsjens v. Jesson*, 283 F.R.D. 514, 517 (D. Minn. 2012) ("When considering a motion for class certification, a court need not ask "whether the plaintiff or plaintiffs have stated a cause of action or will ultimately prevail on the merits, but rather whether the requirements of Rule 23 are met.") (citations omitted); *Haney v. Recall Ctr.*, 282 F.R.D. 436, 438 (W.D. Ark. 2012) ("class certification is a procedural determination and should not include an inquiry into the merits of the plaintiffs' claims.") (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-178 (1974)).

The merits arguments raised by Defendants are properly addressed in the future, at summary judgment. *Zurn,* 644 F.3d at 617. Further, Defendants' mere assertion, without further analysis or argument, that Plaintiff's claims are not typical of the proposed Class fails to rebut the argument laid out in the Memorandum of Law in Support of Plaintiff's Motion for Class Certification. ECF No, 19 at 19-20. Accordingly, the Court should grant Plaintiff's Motion for Class Certification.

Dated: January 19, 2016                     Respectfully submitted,

David Slade (ABN 2013143)
Hank Bates (ABN 98063)
CARNEY BATES & PULLIAM, PLLC
2800 Cantrell Road, Suite 510
Little Rock, AR  72202
Tel:  (501) 312-8500
Fax:  (501) 312-8505
dslade@cbplaw.com
 hbates@cbplaw.com


BY:  /s/ Hank Bates

*Attorneys for Plaintiff and the Proposed Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 19, 2016, I caused a copy of the foregoing to be electronically filed with the Clerk of Court using CM/ECF, which will send electronic notification to the parties and registered attorneys of record that the document has been filed and is available for viewing and downloading.

/s/ Hank Bates